**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Caron E. Owsley<br>5701 Chatterfield Drive<br>Dublin, Ohio 43017,<br><br>      Plaintiff,<br><br>v.<br><br>Fifth Third Bank, N.A.,<br>c/o Corporate Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>      Defendant. | Judge:<br><br>Case No: |

**COMPLAINT FOR MONEY DAMAGES**

**JURY DEMAND ENDORSED HEREIN**

The following allegations are based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief.  Plaintiff, through counsel, alleges as follows:

**I. INTRODUCTION**

1. Plaintiff Caron E. Owsley's ("Ms. Owsley" or "Plaintiff") made repeated efforts to fix an escrow accounting issue on her mortgage with Defendant Fifth Third Bank, N.A. ("Defendant").  She paid money.  She placed numerous calls and sent letters and emails..  She requested Defendant reanalyze the escrow account.  Unfortunately, Ms. Owsley got lost in the system.  Defendant transferred her calls to various different departments, none of which fixed the problem or answered her questions.  Her letters and emails were largely ignored.  Despite these issues, Ms. Owsley continued to

1

make her normal monthly payments. However, Defendant doubled the amount of the monthly payments and began assessing fees and charges.  Ms. Owsley had no choice, but to retain counsel and send a qualified written request to Defendant.  Defendant failed to take appropriate action and violated the Real Estate Settlement Procedures Act by failing to properly respond to Ms. Owsley's qualified written request.  Ms. Owsley can no longer sit idle as her mortgage continues to spiral out of control.  This lawsuit was her only remaining option.

## II. PRELIMINARY STATEMENT

2. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and Regulation X, 12 C.F.R. § 1024.

## III. JURISDICTION

3. This Court has subject matter jurisdiction over Count One under RESPA, 12 U.S.C. 2614, and 28 U.S.C. 1331 and 1337.

4. The Court has personal jurisdiction over Defendant because Defendant transacts business within this District, the loan at issue was incurred within this District, and the property which was the subject of the loan at issue is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

5. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the property is located in this judicial district.

## IV. PARTIES

6. Plaintiff is a natural person currently residing within this Court's jurisdiction at 5701 Chatterfield Drive, Dublin, Ohio 43017 (the "Home" or "Property").

7. At all relevant times, Plaintiff was and is a "person" within the meaning of RESPA at 12 U.S.C. § 2602(5).

8. At all relevant times, Plaintiff was and is a "borrower" within the meaning of RESPA.

9. Defendant is a company organized under the laws of the United States of America with its principal place of business in Ohio.

10. At all relevant times, Defendant was and is a "person" within the meaning of RESPA, 12 U.S.C. § 2602(5).

11. At all relevant times, Defendant was and is a loan "servicer" of Plaintiff's "federally related mortgage loan" within the meaning of those terms in RESPA respectfully at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

12. At all relevant times, Defendant was engaged in "servicing" within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

**V. FACTUAL ALLEGATIONS**

13. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

14. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

15. On or about February 28, 2003, Plaintiff financed the residential real property located at 5701 Chatterfield Drive, Dublin, Ohio 43017 with a note secured by a mortgage (collectively the "Mortgage Loan").

16. For years the Mortgage Loan was non-escrowed.

17. Plaintiff paid her own property taxes and insurance.

18. In or around October 2019, Defendant advanced payment for property taxes and opened an escrow account on the Mortgage Loan.

19.  The total amount Defendant paid for property taxes was $6,812.50.

20. In or around December 2019, Plaintiff paid Defendant $6,000.00 for the taxes.

21. In or around January 2020, Plaintiff paid Defendant the remainder of the advance from property taxes.

22. In or around January 2020, Plaintiff directly paid her property taxes to the Franklin County Treasurer.

23. Despite Plaintiff repaying the tax advance, and paying directly paying taxes in January 2020, Defendant raised the monthly payment on the loan from $706.60 to $1,967.21.

24. At all times relevant, Plaintiff continued paying her normal monthly payment.

25. As of the filing of this Complaint, Plaintiff is still making her normal monthly payment.

26. Plaintiff repeatedly contacted Defendant requesting that it either remove the escrow account or re-run the escrow analysis given Plaintiff's payment of property taxes.

27. Defendant did not re-calculate the escrow to account for Plaintiff's payment of property taxes.

28. Defendant continuously transferred Plaintiff when she called to different departments, none of which addressed her concerns.

29. Since December 2019, Defendant has been placing Plaintiff's normal monthly mortgage payments in a suspense account and not applying it to the loan.

30. Since December 2019, Defendant has been assessing fees, interest and charges against the loan despite Plaintiffs continued monthly payments.

31. Because Defendant did not adequately address Plaintiff's concerns, she had no choice but to retain counsel.

32. On or about March 17, 2020, Plaintiff sent Defendant a letter (the "Qualified Written Request" or "QWR").  Exhibit A.

33. Defendant received the QWR.

34. The QWR contained both a Notice of Error ("NOE") and Request for Information ("RFI").

35. The NOE detailed Plaintiffs repayment of the tax advance and payment of property taxes in January 2020.

36. The NOE identified several errors, and requested Defendant address the following issues, including but not limited to:

    a. Removing the escrow account or reanalyzing the escrow analysis to decrease the monthly payment;

    b. Applying all payments from the suspense account to the Mortgage Loan;

    c. Removing all excess interest assessed against the Mortgage Loan; and

    d. Submitting a request to the credit reporting agencies to note all monthly payments have been made timely.

37.  The NOE also requested Defendant provide a detailed explanation with supporting documents should it not correct any of the errors.

38. The RFI requested specific information regarding the Mortgage Loan including "[a] copy of all written correspondence you sent to [Plaintiff] from June 2019 to the present that addressed [Plaintiff's] alleged delinquency or default on the Mortgage Loan."

39. Defendant continued to assess charges, fees, and interest before responding to the QWR.

40. On or about May 6, 2020, Defendant responded to the QWR (the "QWR Response"). Exhibit B.

41. The QWR Response merely repeated that it advanced property taxes in October 2019 and opened an escrow account.

42. The QWR Response did not address any of the other errors identified in Plaintiff's NOE.

43. The QWR Response did not state that it found no errors on the Mortgage Loan.

44. The QWR Response did not provide a explanation as requested in the QWR.

45. Defendant did not make any corrections to the Mortgage Loan.

46. Defendant failed to send copies of all written correspondence from June 2019 to the present.

47. Plaintiff incurred costs and fees associated with the QWR, including but not limited to postage, copying costs, and attorney fees.

48. The costs and fees associated with the QWR were all for naught given Defendant's deficient response.

49. As a result of Defendant's actions, Plaintiff has incurred improper fees, charges, interest, and loss of equity in her home.

50. As a result of Defendant's actions, Plaintiff suffers severe emotional distress, including anxiety, stress, and sleepless nights.

51. As a result of Defendant's actions, Plaintiff incurred the legal fees and expenses of bringing this lawsuit.

52. Despite Defendant's failure to correct the account, Plaintiff has continued to pay property taxes.

53. Despite Plaintiff's ongoing payment of property taxes, Defendant has not fixed the account.

## VI. FIRST COUNT – RESPA

54. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

55. The QWR constituted a qualified written request within the meaning of RESPA at 12 U.S.C. § 2605(e)(1)(B).

56. The QWR also constitute a notice of error and request for information within the meaning of Regulation X, 12 C.F.R. §§ 1024.35(a) and 1024.36(a).

57. Defendant's actions described in this Complaint constitute violations of RESPA, 12 U.S.C. § 2601, *et seq.*, and Regulation X at 12 C.F.R. § 1024 *et seq*.

58. By failing to adequately respond to the QWR, Defendant violated RESPA at 12 U.S.C. § 2605(e)(2); 12 C.F.R. § 1024.35(e); 12 C.F.R. § 1024.36(d).

59. By failing to correct the errors specified in the QWR and provide notification of the same, Defendant violated RESPA at 12 U.S.C. § 2505(e)(2) and 12 C.F.R. § 1024.35(e)(1)(i)(A).

60. By failing to provide written notification that included a statement that the Defendant determined no error occurred and a statement of the reasons for that determination Defendants violated RESPA at 12 U.S.C. § 2505(e)(2) and 12 C.F.R. § 1024.35(e)(1)(i)(B).

61. By failing to provide Plaintiff with the information she requested, Defendant violated Regulation X at 12 C.F.R. § 1024.36(d).

62. By failing to conduct a reasonable investigation after receiving the QWR, Defendant violated RESPA at 12 U.S.C. § 2505(e)(2) and 12 C.F.R. § 1024.35(e) and 12 C.F.R. § 1024.36(d).

63. Defendant regularly fails to adequately respond and take corrective action after receiving qualified written requests from borrowers in violation of the requirements of RESPA as set forth in 12 U.S.C. § 2605, and Regulation X at 12 C.F.R. § 1024.35 and 12 C.F.R. § 1024.36.

64. Defendant has engaged in a pattern or practice of non-compliance with the requirements of RESPA and Regulation X.

65. As a result of Defendant's actions, Plaintiff incurred actual damages, including but not limited to, the costs and fees associated with send the QWR, improper interest, fees, and charges assessed against the Mortgage Loan, as well as lost equity in the Home.

66. As a result of Defendant's actions, Plaintiff suffers severe emotional distress, including anxiety, stress, and sleepless nights.

67. Due to these violations, Defendant is liable to Plaintiff for actual damages to be determine at trial, additional damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f).

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

68. Assume jurisdiction of this case;

69. Award Plaintiff maximum damages on the Counts, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotion, general, punitive, and other damages;

70. Award Plaintiff actual damages to be established at trial including pursuant to 12 U.S.C. § 2605(f);

71. Award Plaintiff statutory damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f);

72. Declare that Defendant's action violate RESPA and Regulation X;

73. Award Plaintiff additional damages and costs; and

74. Award such other relief as the court deems appropriate.

Dated this May, 26th 2020

Respectfully Submitted,
DOUCET GERLING CO., L.P.A

/s/Andrew J. Gerling
Andrew J. Gerling (0087605)
*Attorney for Plaintiff Caron E. Owsley*
655 Metro Place South, Suite 600
Dublin, OH  43017
PH:  614-221-9800
FAX: 818-638-5548
Andrew@Doucet.Law

## JURY TRIAL DEMANDED

The plaintiffs respectfully request a jury trial on all triable issues.

Respectfully Submitted,
DOUCET GERLING CO., L.P.A

/s/Andrew J. Gerling
Andrew J. Gerling (0087605)
*Attorney for Plaintiff Caron E. Owsley*
655 Metro Place South, Suite 600
Dublin, OH  43017
PH:  614-221-9800
FAX: 818-638-5548
Andrew@Doucet.Law